UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CANDACE WU, | ) | No. CV 05-3115-PLA |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) | |

**I.**

**<u>PROCEEDINGS</u>**

Plaintiff filed this action on April 28, 2005, seeking review of the Commissioner's denial of her application for Supplemental Security Income payments. The parties filed a Consent to proceed before the undersigned Magistrate Judge on May 31, 2005. Pursuant to the Court's Order, the parties filed a Joint Stipulation on January 12, 2006, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

II.

## BACKGROUND

Plaintiff was born on October 29, 1975. [Administrative Record ("AR") at 27, 89.] She has a high school education. [AR at 27, 114.] She has no past relevant work experience. [AR at 28.]

On November 21, 2001, plaintiff filed an application for Supplemental Security Income payments, alleging that she had been unable to work since January 1, 1989, due to heart problems, shortness of breath, dizziness, sleep problems due to pain, irregular heat beat, tuberculosis, and allergies. [AR at 89-91, 107-08.] After her application was denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on May 6, 2003, at which plaintiff appeared with counsel and testified on her own behalf. [AR at 24-36.] A supplemental hearing took place on October 21, 2003, at which both plaintiff and a medical expert testified. [AR at 37-53.] On November 26, 2003, the ALJ determined that plaintiff was not disabled because she can perform the full range of light work.[1] [AR at 18-23.] When the Appeals Council denied review on March 7, 2005, the ALJ's decision became the final decision of the Commissioner. [AR at 5-8.]

III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at

---

[1] Light work is defined as work that involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1040-41 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

### IV.
### THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.    THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment

in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ concluded that plaintiff has not engaged in any substantial work activity since the alleged onset of her disability. [AR at 19, 23.] At step two, the ALJ concluded that plaintiff has the severe impairment of viral myocarditis. [AR at 20, 23.] At step three, the ALJ found that plaintiff's impairment does not meet or equal the requirements of any of the impairments in the Listings. [Id.] The ALJ further determined that plaintiff retains the residual functional capacity[2] to perform the full range of light work. [AR at 21-23.] At step four, the ALJ determined that plaintiff has no past relevant work. [AR at 22-23.] At step five, the ALJ concluded that based on plaintiff's residual functional capacity, age, and education, a finding of "not disabled" is directed by Medical-Vocational Rule 202.20. [Id.] Accordingly, the ALJ found plaintiff not disabled. [Id.]

/
/
/
/

---

[2] Residual functional capacity ("RFC") is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989).

4

V.

**THE ALJ'S DECISION**

Plaintiff contends the following: (1) that the ALJ's findings of fact as articulated in the hearing decision mandate a finding that plaintiff is disabled; and (2) that the ALJ improperly rejected the opinion of the consultative examiner. See Joint Stipulation ("Joint Stip.") at 4. Because the Court agrees with plaintiff that the ALJ failed to properly consider the consultative examiner's medical opinion, the Court reverses the ALJ's decision and remands for further proceedings.

The relevant record of evidence shows that on August 24, 2002, plaintiff underwent an internal medicine evaluation conducted by an examining physician, Dr. Merlyn Asuncion. [AR at 171-74.] Plaintiff's grip strength was recorded as fifteen pounds on the right, and twenty pounds on the left. With respect to musculoskeletal testing, she exhibited normal range of motion. [AR at 173.] After noting plaintiff's history of cardiac dysrhythmia and fulminant viral myocarditis, Dr. Asuncion opined that plaintiff "may still be having frequent cardiac dysrhyt[h]mias that are not recognized on regular testing. Her easy fatigability, shortness of breath, [and] lack of energy may be due to chronic fatigue syndrome secondary to the virus which caused inflammation of her heart muscle." [AR at 174.] Dr. Asuncion set forth the following functional limitations: lifting no more than ten pounds occasionally and five pounds frequently; and sitting, standing, and walking for "[six] hours cumulative with frequent breaks due to palpitations, chest pains, dizziness or shortness of breath." [Id.]

Two reports were prepared by nonexamining State Agency physicians. The first, a physical capacity assessment dated May 14, 2002, set forth the following limitations for plaintiff which show that she would be capable of light work: lifting no more than twenty pounds occasionally and ten pounds frequently; standing or walking for six hours in an eight-hour day; sitting for six hours in an eight-hour day; only occasional climbing; and no concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. [AR at 156-63.] Subsequent to Dr. Asuncion's August 24, 2002, examination, a summary report by a State Agency consulting physician was prepared on September 19, 2002. [AR at 175-76.] That report states that Dr. Asuncion's work restrictions are

"not supported by the regular exam findings, [plaintiff's] full ranges of motion, [and] full motor strength as well as grip strength," and that Dr. Asuncion's opinion regarding chronic fatigue syndrome is not supported by the medical record. [AR at 176.] According to the report's conclusion, the determination from the May 14, 2002, physical capacity State Agency assessment that plaintiff could perform light work was correct and should be affirmed. [Id.]

In the hearing decision, the ALJ fairly summarized Dr. Asuncion's findings, and noted the examining doctor's opinion that plaintiff is able to lift five pounds frequently and ten pounds occasionally, as well as "sit, stand and walk for six hours cumulative, with frequent breaks due to palpitations, chest pains and dizziness." [AR at 20.] The ALJ also summarized both the May 14, 2002, State Agency physician's physical capacity assessment, the September 19, 2002, State Agency physician's summary report, as well as the medical expert's testimony that plaintiff's cardiac condition had been resolved. [AR at 20-21.] The ALJ went on to determine plaintiff's RFC, and found that she is capable of lifting and carrying up to twenty pounds occasionally and ten pounds frequently, and "can stand, walk, and sit for a total of six hours in an eight hour workday." [AR at 21-22.]

Plaintiff asserts that the ALJ failed to "offer a single reason for dismissing Dr. Asuncion's opinion" and "does not explain the weight afforded to Dr. Asuncion's opinion much less provide any indication as to why he ultimately rejected that opinion." See Joint Stip. at 13.

In evaluating medical opinions, the case law and regulations distinguish among three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). See 20 C.F.R. §§ 404.1502, 416.927; Lester, 81 F.3d at 830. As a general rule, more weight should be given to the opinion of a treating physician than to the opinions of doctors who do not treat the plaintiff. Lester, 81 F.3d at 830; see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996) ("Because treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians.").

      The ALJ may reject an uncontroverted opinion of an examining physician only for clear and convincing reasons. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). To discount the opinion of an examining physician in favor of the opinion of a nonexamining medical consultant, the ALJ must set forth specific and legitimate reasons that are supported by substantial evidence in the record. Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir. 1996).

      Although not expressly articulated in the decision, it appears that the ALJ relied upon the State Agency physicians' opinions, as well as the medical expert's testimony, in formulating the RFC of light work. In doing so, the ALJ erred by failing to accord any weight to Dr. Asuncion's opinion that plaintiff had comparatively more restrictive lifting abilities, and was capable of sitting, standing, and walking for a cumulative total of only six hours. This effectively resulted in a rejection of the examining physician's opinion. See Smith v. Massanari, 139 F.Supp.2d 1128, 1133 (C.D.Cal. 2001) (reliance on one physician's opinion in making a finding, which differs from that of another physician, is an implicit rejection of the latter).

      Respondent argues that the ALJ's statement "[t]he physical examination of the claimant during the consultative evaluation was normal" is a specific and legitimate reason for rejecting Dr. Asuncion's opinion. See Joint Stip. at 16. This statement by the ALJ, however, fails to take into account with any specificity Dr. Asuncion's findings that plaintiff was easily fatigued and had shortness of breath, could only lift five pounds frequently and ten pounds occasionally, and could only sit, stand and walk for a total of six hours -- findings which, if credited, would essentially preclude plaintiff from any regular employment as she would be unable to work an eight hour day. Without more, the ALJ's succinct characterization of the physical examination as "normal" is too general and broad to constitute a legally sufficient reason for rejecting the examining physician's functional assessment. Moreover, the Court notes that the ALJ included this statement in the portion of the decision relating to whether plaintiff's cardiac condition meets or equals a listed impairment. There is no clear indication that the ALJ offered this as a reason for ultimately rejecting Dr. Asuncion's opinion.

      As shown, the ALJ only provided little more than a summary of the various examining and nonexamining medical opinions. He did not expressly interpret and resolve the conflict in the

medical evidence between Dr. Asuncion's opinion and the opinions of the State Agency nonexamining physicians. Nor did the ALJ expressly accord controlling weight to any particular medical opinion. It follows, therefore, that the ALJ did not provide any specific and legitimate reasons based on substantial evidence in the record for rejecting Dr. Asuncion's opinion. See Nelsen v. Barnhart, 2003 WL 297738, **2-3 (N.D.Cal. Feb. 4, 2003) (rejection of examining physician's opinion in favor of nonexamining physician's conflicting opinion must be based on specific and legitimate reasons that are supported by substantial evidence in the record)(citing Nguyen, 100 F.3d at 1466; Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981) ("Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason [citation omitted], an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper."); see also Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings"). Accordingly, remand on this issue is appropriate to allow the ALJ to properly interpret and weigh Dr. Asuncion's opinion regarding plaintiff's ability to perform work. If the ALJ rejects Dr. Asuncion's findings, such rejection must be based on specific and legitimate reasons that are supported by the evidence.

As for plaintiff's remaining contention, the Court agrees that the portion of the ALJ's RFC stating that plaintiff "can stand, walk, and sit for a total of [six] hours in an eight hour workday" does hold some ambiguity. [See AR at 22.] In interpreting this language, it is not absolutely clear whether the ALJ intended to state that plaintiff has the capacity to stand and walk for a total of six hours, as well as sit for a total of six hours, or whether -- consistent with Dr. Asuncion's opinion -- the cumulative total of performing these activities is only six hours. If the latter interpretation rules, the RFC would mean that plaintiff is incapable of completing the requisite eight-hour workday. Based on the totality of the ALJ's decision, however, and taking into account the physical capacity assessment of the State Agency physician, the Court is not persuaded by plaintiff's argument that the RFC language at issue necessarily means the cumulative time limit, and therefore dictates a finding of disability. Because remand is already warranted in this matter, the Court directs the

1  ALJ to resolve this ambiguity by clearly articulating the respective limits on plaintiff's ability to
2  stand, walk and sit throughout the workday.

### VI.

### REMAND FOR FURTHER PROCEEDINGS

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F. 3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to: (1) evaluate and weigh Dr. Asuncion's opinion regarding plaintiff's work restrictions; (2) if Dr. Asuncion's opinion is not discredited, reconsider plaintiff's RFC in light of the those restrictions; and (3) clearly articulate plaintiff's capacity for standing, walking, and sitting. The ALJ is directed to take whatever further action is deemed appropriate and consistent with this decision.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **GRANTED**; (2) the decision of the Commissioner is **REVERSED**; and (3) this action is **REMANDED** to defendant for further proceedings consistent with this Memorandum Opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: April 28, 2006

/S/
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE